IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------ x
In re                                                  :     Chapter 11
                                                       :
CTI FOODS, LLC, et al.,                                :     Case No. 19–10497 (CSS)
                                                       :
                                                       :     (Jointly Administered)
            Debtors.¹                                  :
------------------------------------------------------ x     Re: Docket No. 15
```

**ORDER (I) SCHEDULING COMBINED HEARING TO
CONSIDER (A) APPROVAL OF DISCLOSURE STATEMENT, (B) APPROVAL OF
SOLICITATION PROCEDURES AND FORMS OF BALLOTS, AND
(C) CONFIRMATION OF PREPACKAGED PLAN; (II) ESTABLISHING AN
OBJECTION DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PLAN;
(III) APPROVING THE FORM AND MANNER OF NOTICE OF COMBINED
HEARING, OBJECTION DEADLINE, AND NOTICE OF COMMENCEMENT;
(IV) CONDITIONALLY WAIVING REQUIREMENT OF FILING STATEMENT OF
FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES;
(V) APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE
ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES;
(VI) ESTABLISHING THE OFFICIAL RECORD DATE FOR HOLDERS UNDER
THE SECOND LIEN TERM LOAN AGREEMENT AND APPROVING THE PAYMENT
OF AGENCY FEES; (VII) CONDITIONALLY WAIVING REQUIREMENT TO
CONVENE THE SECTION 341 MEETING OF CREDITORS; AND
(VIII) GRANTING RELATED RELIEF PURSUANT TO SECTIONS
105(A), 341, 521(A), 1125, 1126, AND 1128 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 1007, 2002, 3017, AND 3018**

Upon the motion, dated March 11, 2019 (the "**Motion**"),² of CTI Foods, LLC and its affiliated debtors in the above captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (i) scheduling a combined hearing to consider (a) approval of the Disclosure Statement, (b) approval of the Solicitation Procedures,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Chef Holdings, Inc. (8070); Chef Intermediate, Inc. (8653); CTIF Holdings, Inc. (0046); Chef Investment, LLC (3918); CTI Foods Acquisition LLC (3918); CTI Foods Holding Co., LLC (8320); CTI Services Corporation (2331); CTI Foods, LLC (3673); CTI Arlington, LLC (6103); CTI Saginaw I, LLC (6133); CTI King of Prussia, LLC (4771); CTI-SSI Food Services, LLC (8322); S & S Foods LLC (7447); Custom Food Products Holdings, LLC (2697); Custom Food Products, LLC (0697); Liguria Holdings, Inc. (8652); and Liguria Foods, Inc. (6446). The Debtors' mailing address is 504 Sansom Blvd., Saginaw, Texas 76179.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and (c) confirmation of the Prepackaged Plan, (ii) establishing an objection deadline to object to the adequacy of the Disclosure Statement or confirmation of the Prepackaged Plan, (iii) approving the form and manner of notice of the Combined Hearing, the Objection Deadline, and commencement, (iv) approving the notice and objection procedures in connection with the assumption of executory contracts and unexpired leases pursuant to the Prepackaged Plan, (v) establishing the official record date for holders under the Second Lien Term Loan Agreement and approving the payment of administrative agents' fees, (vi) extending the deadline for the Debtors to file schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules and Statements**") through and including May 3, 2019 (the "**SOAL/SOFA Deadline**"), and conditionally waiving the requirement that the Debtors file the Schedules and Statements upon confirmation of the Prepackaged Plan, (vii) conditionally waiving the requirement to convene the Section 341 Meeting, and (viii) granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Percy Declaration filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the

01:24263955.2

2

Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. A hearing to consider compliance with disclosure and solicitation requirements and confirmation of the Debtors' Plan (the "**Combined Hearing**") is hereby scheduled to be held before this Court on April 18, 2019 at 10:00am (Prevailing Eastern Time) or as soon thereafter as counsel may be heard. The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Combined Hearing and notice of such adjourned date(s) will be available on the electronic case filing docket.

3. Any responses and objections to the adequacy of the Disclosure Statement and/or confirmation of the Prepackaged Plan shall be: (i) in writing, (ii) filed with the Clerk of Court together with proof of service thereof, (iii) set forth the name of the objecting party, and the nature and amount of any claim or interest asserted by the objecting party against the estate or property of the Debtors, and state the legal and factual basis for such objection, and (iv) conform to the applicable Bankruptcy Rules and the Local Rules and be served upon the following parties so as to be received no later than 5:00 p.m. (Prevailing Eastern Time) on April 11, 2019 (the "**Objection Deadline**"):

   i. CTI Foods, LLC, 504 Sansom Blvd., Saginaw, Texas 76179 (Attn: Jonathon Spiller, Senior Vice President and General Counsel);

   ii. proposed counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Matthew S. Barr, Esq. (Matt.Barr@weil.com), Ronit J. Berkovich, Esq. (Ronit.Berkovich@weil.com), and Lauren Tauro, Esq. (Lauren.Tauro@weil.com) and Young Conaway Stargatt

01:24263955.2

3

& Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: M. Blake Cleary, Esq. (mbcleary@ycst.com) and Jaime Luton Chapman, Esq. (jchapman@ycst.com));

iii. counsel to the Ad Hoc Group and Cortland Capital Market Services LLC, as DIP Term Loan Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Damian S. Schaible, Esq. (damian.schaible@davispolk.com) and Michelle McGreal, Esq. (michelle.mcgreal@davispolk.com));

iv. counsel to Morgan Stanley Senior Funding, Inc., as administrative agent under the First Lien Term Loan Agreement and Second Lien Term Loan Agreement, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Elizabeth Feld, Esq. (efeld@whitecase.com) and Charles Koster, Esq. (ckoster@whitecase.com));

v. counsel to Wells Fargo Bank, National Association, as administrative agent under the ABL Credit Agreement, Otterbourg P.C., 230 Park Avenue, New York, New York 10169 (Attn: Andrew Kramer, Esq. (akramer@otterbourg.com) and Allen Cremer, Esq. (acremer@otterbourg.com));

vi. counsel to Barclays Bank PLC, as the DIP ABL Agent, Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022 (Attn: Joel Moss, Esq. (joel.moss@shearman.com) and Jordan Wishnew, Esq. (jordan.wishnew@shearman.com));

vii. Counsel to Goldman Sachs, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, New York 10036-6745 (Attn: Ira Dizengoff, Esq. (idizengoff@akingump.com) and Jason Rubin, Esq. (jrubin@akingump.com)); and

viii. the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), 844 N King St., Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane Leamy (jane.m.leamy@usdoj.gov)).

4. Any objections not timely filed and served in the manner set forth in this Order may, in this Court's discretion, not be considered and may be overruled.

5. The deadline to file any brief in support of the Disclosure Statement and confirmation of the Prepackaged Plan and reply to any objections shall be *April 16*, 2019 at 5:00 p.m. (Prevailing Eastern Time).

01:24263955.2

4

6.  Notice of the Combined Hearing as proposed in the Motion and the form of Combined Notice annexed hereto as **Exhibit 1** shall be deemed good and sufficient notice of the Combined Hearing and no further notice need be given; *provided, however*, except to the extent necessary to comply with Local Rule 3017-1(c), that any provision of Bankruptcy Rule 3017(d) requiring the Debtors to distribute the Disclosure Statement and the Prepackaged Plan to parties not entitled to vote, whether because they are unimpaired or because they are deemed to reject the Prepackaged Plan, or any parties in interest other than as prescribed in this Order, are waived; *provided further, however*, that the Disclosure Statement and Prepackaged Plan shall remain posted in PDF format to the following page at https://cases.primeclerk.com/CTIfoods/ and shall be provided in either electronic or paper form to any parties in interest upon written request to the Debtors. The Debtors shall also serve a copy of the Combined Notice on all known creditors and interest holders and parties requesting notice pursuant to Bankruptcy Rule 2002; *provided, however*, that the Debtors shall serve, in addition to the Combined Notice, copies of the Disclosure Statement and Prepackaged Plan upon all counterparties to the unexpired leases.

7.  Service of the Combined Notice as set forth in the Motion and herein is sufficient notice of the Petition Date, the Combined Hearing, the Objection Deadline, the procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Prepackaged Plan, and the procedures for objecting to the Debtors' assumption of executory contracts and unexpired leases pursuant to the Prepackaged Plan.

8.  The Debtors, in their discretion, are authorized pursuant to Bankruptcy Rule 2002(l) to give supplemental publication notice of the Combined Hearing, or shortened

version thereof, by publication in a newspaper or newspapers designated by the Debtors in their sole discretion and on a date no less than twenty-eight days prior to the Combined Hearing.

9. The Solicitation Procedures utilized by the Debtors for the distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Prepackaged Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are conditionally approved pending final approval through the Confirmation Order.

10. The Ballots, substantially in the forms annexed hereto as **Exhibits 2 and 3**, are conditionally approved pending final approval through the Confirmation Order.

11. Any objections to the assumption of executory contracts and unexpired leases must: (a) be in writing, (b) conform to the applicable Bankruptcy Rules and Local Rules; (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; (d) be filed with the Bankruptcy Court, together with proof of service, and served upon the Notice Parties, so as to be received by the Objection Deadline.

12. The objection procedures in connection with the assumption of executory contracts and unexpired leases pursuant to the Prepackaged Plan are provisionally approved, as set forth in the Combined Notice.

13. The official record date for holders under the Second Lien Term Loan Agreement, for all purposes in these chapter 11 cases (except the Voting Record Date), shall be March 8, 2019, unless after such date, but prior to the Confirmation Date, a successor administrative agent is appointed under the Second Lien Term Loan Agreement and such agent provides the Debtors with an updated list of holders of Allowed Second Lien Term Loan Claims as of the Effective Date and that such list is satisfactory to the Debtors in their sole discretion, in which case the Distribution Record Date for such holders shall be the Effective Date.

01:24263955.2

Case 19-10497-CSS    Doc 72    Filed 03/12/19    Page 7 of 8

14. The Debtors are authorized, but not directed, to pay the Agency Fees.

15. The time within which the Debtors shall file the Schedules and Statements is extended through and including June 3, 2019 without prejudice to the Debtors' right to seek further extensions of the time within which to file the Schedules and Statements or to seek additional relief from this Court regarding the filing of, or waiver of the requirement to file, the Schedules and Statements.

16. The requirement that the Debtors file the Schedules and Statements is permanently excused effective upon the date of confirmation of the Prepackaged Plan, provided confirmation occurs on or before the SOAL/SOFA Deadline, *provided, further, however*, that in the event the Prepackaged Plan is not confirmed at the Combined Hearing, the time by which the Debtors must file the Schedules and Statements shall be further extended to 45 days after the Combined Hearing, without prejudice to the Debtors' rights to request further extensions thereof.

17. The U.S. Trustee shall not be required to convene a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code if the Prepackaged Plan is confirmed at the Combined Hearing. In the event the Prepackaged Plan is not confirmed at the Combined Hearing, the U.S. Trustee shall promptly schedule a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code on no less than 21 days' notice.

18. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) an agreement or obligation to pay any claims, (iii) an admission as to the validity of any liens satisfied pursuant to this Motion, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or

01:24263955.2


(v) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

19. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted pursuant to this Order in accordance with the Motion.

20. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: March 12, 2019
Wilmington, Delaware

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

01:24263955.2